■ THOMAS W. BAYLEK, Appellant, v EDELTRAUD G. BAYLEK, Respondent. — Order, Supreme Court, New York County (Gomez, J.), entered April 20, 1981, which, to the extent appealed from, granted defendant-respondent wife's motion and awarded her exclusive possession of the residential portion of the marital duplex apartment; awarded her $340 weekly temporary maintenance in addition to continued maintenance of all of the household expenses; and enjoined plaintiff-appellant husband from removing personal property from the marital apartment, unanimously modified, on the law and the facts and in the exercise of discretion, to deny defendant's application for exclusive possession of the residential apartment, without prejudice to her right to apply for an increase in temporary maintenance should she relocate, and otherwise affirmed, without costs. Husband and wife were married on September 20, 1962. There are no issue of the marriage. He was born on July 12, 1906 and therefore will eminently be 75 years of age. She was born on February 25, 1928, and is 52. This action for divorce was commenced by the husband in June, 1980, and the wife neither answered nor moved for temporary maintenance for the first seven months of the action. The parties apparently continue to reside in the marital duplex co-operative apartment, which was purchased by the husband in 1955, seven years prior to the marriage. The husband is a physician, and the lower level of the duplex is used as his professional offices. It contains an area of 1,186 square feet and is divided into a reception room, a consultation room, an X-ray room and two treatment rooms. The upper level contains 3,300 feet of space and is divided into two bedrooms, each with a private bathroom accessible only from the individual bedroom, a library, living room, kitchen, dining room and foyer. The parties appear to have been living in separate bedrooms for about 12 years. The husband was formerly a surgeon, specializing in urology. However, due to age and declining health, particularly diminished vision, he allegedly no longer performs surgery, but limits his declining medical practice to nonsurgical urology and practices exclusively at the offices located in the lower level of the marital apartment. He suffers from angina pectoris and requires daily medication. He has recently undergone bilateral cataract surgery in which artificial lenses were placed in his eyes. His bathroom in the upper level of the apartment contains special equipment for placing the artificial lenses in his eyes, as well as a bidet needed for certain excretory problems. This case involves special circumstances. The husband seems to have the stronger connections to the marital apartment. He acquired it years prior to the marriage and maintains his medical practice there. It has separate bedrooms each with its own separate bathroom which has enabled both of the parties to continue to live there discordantly, for approximately 12

years. Given the husband's age and declining health, it appears to be important that he continue to live in proximity to his office, with access to his bedroom and bathroom for rest and to be able to use the special medical equipment placed there for him. Concur — Sandler, J.P., Carro, Bloom and Fein, JJ.